

C. Anthony Hughes SBN: 250998
1395 Garden Highway, Suite 150
Sacramento, CA 95833
Ph:  (916) 440.6666
Fax: (916) 720.0255
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
EATERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**CARL M. JOHNSON and**<br>**SAUNDRA E. JOHNSON**<br><br>Debtors<br>_____ | Case No. 10-20525<br>Chapter 11<br>Docket Control No.:  UST-1<br><br>Date:        August 30, 2011<br>Time:       9:32 AM<br>Place:       501 I Street, 6th Floor<br>                 Sacramento, CA 95814<br>                 Department B – Courtroom 32<br><br>Judge:      Hon. Thomas C. Holman<br><br>**OPPOSITION TO TRUSTEE'S MOTION TO DISMISS** |

Debtors, through their attorney C. Anthony Hughes, oppose the Trustee's Motion to Dismiss as follows:

1. Debtor is not clear why, but their experience with their previous attorney began to drastically change.  The signs of this did not occur immediately; but whatever the 'situation' was causing the change, it created a gradual and progressive deteriorating situation within their case.  As a result, normal day to day activities of their case were not occurring whatsoever.  Documents were not being filed, or being filed in a timely manner and any/all communication with counsel or counsel's office came to a halt.  After much consideration, they felt it necessary to seek out

new counsel to assist them through the remainder of their case. Ultimately, they retained C. Anthony Hughes as their new attorney.

2. With regard to their late filed Monthly Operating Reports, the explanation is 2-fold. Debtors did, in fact, submit each and every Monthly Operating Report to previous counsel in a timely fashion. They sent each report to their attorney with the assumption that each report was being filed with the Court on time. It has since been made clear to them that the reports were actually not being filed as expected; this being due to the situation at hand within their attorney's office.

However, since retaining new counsel, their Monthly Operating Report for July was filed on time. They have every expectation that all future reports will be filed on time, without issue.

3. Since the Debtor decided to retain new counsel, the case has proceeded at top speed. The following activities have occurred:

    Substitution of Attorney (CAH-001)

    Motion to Employ C. Anthony Hughes (CAH-002)

    Motion to Value Property – 519 V Street (CAH-003)

    Motion to Value Property – 1833 William Bird (CAH-004)

    Motion to Value Property #2 – 1833 William Bird (CAH-005)

    Application for Conditional Approval of Combined Plan & Disclosure Statement (CAH-007)

    Motion to Value Property #3 – 1833 William Bird (CAH-008)

    Timely filing of the Monthly Operating Report

    Amended Schedules & Budget (as seen in Exhibit A)

Clearly, this case is being expedited without delay with the change in counsel.

4. With regard to the Debtor's ability to effectuate a plan, there appears to be some confusion. The net number on the Debtor's Monthly Operating Reports includes on-going deferred maintenance on their primary residence and rental properties. At the time of filing this Chapter 11 bankruptcy, the properties needed repairs as required by county regulation, as well as to maintain property integrity and value. Early in their case, they understood that it was best to redeploy as much of their net back into the properties. As this case has been lengthy, they have been able to resolve these issues. These expenses have been explained each month in their Monthly Operating Reports and receipts can be provided upon request to substantiate this. Consequently, they had not been advised to do otherwise with their net monies, which created the apparent appearance that they were not able to afford the plan payment. This is seen in the Amended Schedules & Budget (see Exhibit A). That being the case, they actually are capable of affording and maintaining the plan payment suggested in the amended Plan & Disclosure Statement filed on August 1, 2011.

This Opposition is based upon the record in this case and such evidence as may be filed to supplement the Opposition, or as may be introduced at the hearing on the Opposition. Judicial notice is requested of all documents filed in this case, including those referenced herein, pursuant to Rule 201 of the Federal Rules of Evidence.

WHEREFORE, the Debtors pray that the Court will deny the Trustee's Motion to Dismiss.

Executed at Sacramento, California on August 16, 2011.

Respectfully submitted,

/s/ C. Anthony Hughes
C. ANTHONY HUGHES
Attorney for Debtor